1

2

3

4

5

6

7   **UNITED STATES DISTRICT COURT**

8   EASTERN DISTRICT OF CALIFORNIA

9

10  BRIAN LAMOUNT BROWN,                    Case No. 1:12-cv-01707-DLB PC

11           Plaintiff,                    **ORDER DISMISSING ACTION WITHOUT PREJUDICE**

12       v.                                ECF No. 1

13  WARDEN, NORTH KERN STATE PRISON, et al.,

14           Defendants.

15

16  **I.      Background**

17          Plaintiff Brian Lamount Brown ("Plaintiff") is a prisoner in the custody of the California

18  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

19  forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On October 17, 2012, Plaintiff filed

20  his Complaint.  ECF No. 1.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28  claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

5  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

6  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

7  allegations are accepted as true, legal conclusions are not.  *Id.*

8  **II.    Summary of Complaint and Analysis**

9    Plaintiff was incarcerated at Corcoran State Prison in Corcoran, California.  Plaintiff names

10  as Defendants: the North Kern State Prison warden; the Centinela State Prison warden; correctional

11  case records analyst at Corcoran S. Senner; classification and parole representative at Corcoran R.

12  Chavez; correctional case record supervisor E. Hulbert; correctional case records manager W.

13  Robinson; chief deputy warden at Corcoran J. Cavazos; appeals examiner for CDCR R. Davis; and

14  chief of the office of appeals for CDCR D. Foston.

15    Plaintiff alleges the following.  Plaintiff complains that his case, No. R1F103566, was

16  improperly calculated by prison staff at North Kern State Prison to result in Plaintiff being confined

17  for five years.  Plaintiff complains that as a nonviolent drug offense, he was entitled to up to fifty

18  percent reduction in post sentence credits, not the fifteen percent that occurred.  The Centinela

19  warden likewise continued the alleged error, and the Corcoran State Prison Defendants denied

20  Plaintiff's inmate appeal regarding the matter.  Plaintiff contends an atypical and significant

21  hardship.  Plaintiff requests as relief compensatory and punitive damages for each day that he was

22  deprived of liberty.

23    "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief

24  sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading

25  to conviction or internal prison proceedings) - if success in that action would necessarily

26  demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82

27  (2005).  This principle, known as the favorable termination rule, *see Heck v. Humphrey*, 512 U.S.

28  477, 483-87 (1994), is applicable in this action.  Plaintiff must first pursue a remedy with a habeas

petition prior to filing a § 1983 action.  Because Plaintiff's request for relief, if successful, would result in Plaintiff's duration of confinement being reduced, Plaintiff does not state a cognizable § 1983 claim.  Plaintiff's claim fails as a matter of law.

There are no set of facts which can be alleged that will cure the deficiencies in this complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).   Leave to amend will not be granted.  This action should be dismissed without prejudice.  *Heck*, 512 U.S. at 487.

**III.**   **Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that this action is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **May 9, 2013**                                    /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE

3